IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 02–52–GF–DLC |
| Plaintiff, | |
| vs. | ORDER |
| VICTOR CHARLES FOURSTAR, | |
| Defendant. | |

Before the Court are Defendant Victor Charles Fourstar's pro se motions for recusal and substitution of counsel. (Doc. 256.) The Court denies the motions. The standard for recusal is not met, and Magistrate Judge John T. Johnston has appointed new CJA counsel, rendering Fourstar's request for substitution of counsel moot.

Fourstar moves the undersigned to recuse himself from this case, as well as United States Magistrate Judge Timothy J. Cavan, on the grounds of impermissible bias or prejudice. A judge must recuse due to "personal bias or prejudice concerning a party," 28 U.S.C. § 455(b)(1), when "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned," *Herrington v. Cty. of Sonoma*, 834 F.2d 1488, 1502

-1-

(9th Cir. 1987) (quoting *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983)).

Here, Fourstar cites the Court's prior revocations of supervised release and Fourstar's pending civil complaints as proof of bias or prejudice. However, dealing with such matters is routine in the federal district courts, and the various criminal and civil matters involving Fourstar do not, standing alone, suggest bias or prejudice. *See United States v. Holland*, 519 F.3d 909, 913–14 (9th Cir. 2008) (noting that the basis for recusal generally must be "something other than rulings, opinions formed or statements made by the judge during the course of trial."); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984) ("A judge's previous adverse ruling alone is not sufficient bias.") A reasonable person would not expect the undersigned to harbor personal bias or prejudice against Fourstar.

Moreover, this is not Fourstar's first motion to recuse the undersigned, and Fourstar presents no new factual or legal circumstances aside from the legal determinations made by the undersigned in the prior revocations of Fourstar's supervised release. (*See* Doc. 181.) Prior to revocation of Fourstar's sentence on June 1, 2017, the Court denied Fourstar's first motion to recuse the undersigned. (Doc. 184 at 1–4.) Now, as then, Fourstar relies on nothing more than the Court's performance of its judicial duties, which is an inadequate basis for recusal. *See*

*Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

Fourstar also moves for substitution of counsel, claiming that there has been "a complete breakdown in attorney-client communications" between him and CJA counsel Dwight Schulte. Because Magistrate Judge Johnston appointed new CJA counsel Paul Gallardo on October 2, 2018, Fourstar's motion will be denied as moot.

IT IS ORDERED that the motion (Doc. 256) is DENIED.

DATED this 15th day of October, 2018.

Dana L. Christensen, Chief District Judge
United States District Court