FILED
OCT 22 2018
Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>VICTOR CHARLES FOURSTAR, JR.,<br><br>Defendant/Movant. | Cause No. CR 02-052-GF-DLC<br>CV 18-129-GF-DLC<br><br>ORDER DENYING AND DISMISSING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

On October 17, 2018, the Court revoked Defendant Fourstar's term of supervised release and sentenced him to serve ten months in prison, to be followed by 39 months' supervised release. The following day, Fourstar, acting pro se despite being represented by counsel, filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.

Fourstar was convicted in this Court in 2003 of one count of aggravated sexual abuse, a violation of 18 U.S.C. § 2241(a). He was sentenced to serve 188 months in prison, to be followed by a five-year term of supervised release. *See* Judgment (Doc. 110) at 2–3. He discharged his prison term on December 9, 2016. Since that time, his supervised release has been revoked three times.

These prior proceedings are relevant to the varying procedural postures of the claims he now brings.

1

## I. Claims to Be Raised on Direct Review

A § 2255 motion is the equivalent of a petition for writ of habeas corpus. *See, e.g., United States v. Hayman*, 342 U.S. 205, 210-19 (1952). "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." *Bousley v. United States*, 523 U.S. 614, 621 (1998) (quoting *Reed v. Farley*, 512 U.S. 339, 354 (1994), and *Sunal v. Large*, 332 U.S. 174, 178 (1947)). Consequently, district courts do not consider § 2255 motions before a judgment becomes final. *See, e.g., Feldman v. Henman*, 815 F.2d 1318, 1320 (9th Cir. 1987) (as amended); *United States v. Deeb*, 944 F.2d 545, 548 (9th Cir. 1991); Rule 5, Rules Governing § 2255 Proceedings for the United States District Courts, advisory committee's note (quoting *Womack v. United States*, 395 F.2d 630, 631 (D.C. Cir. 1968)).

Yesterday's revocation judgment against Fourstar is not yet final. Several of his claims must be raised on appeal if he intends to pursue them. *See* Mot. § 2255 (Doc. 262) at 4 ¶¶ A(1), B(1), (3); 5 ¶¶ B(3), C(1)–(2); Fourstar Aff. at 10 ¶ 2 (in part), ¶ 3. These claims are dismissed.

## II. Second or Successive Claims

Some of Fourstar's claims challenge the legitimacy of his original conviction and sentence. *See* Mot. § 2255 at 6 ¶ D(2); Fourstar Aff. (Doc. 262) at 11 ¶¶ 5–6.

The Court lacks jurisdiction to consider these claims because they could have been presented in one or the other of Fourstar's previous § 2255 motions. *See, e.g.*, Mot. § 2255 (Doc. 130); Order (Doc. 131) (June–December 2005); Mot. § 2255 (Doc. 138); Order (Doc. 140) (October–November 2009); *see also, e.g., Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam); *Hill v. Alaska*, 297 F.3d 895, 899 (9th Cir. 2002).

The Court of Appeals would have jurisdiction to decide whether to authorize Fourstar to proceed with a successive motion under § 2255, and this Court may transfer a case to that court to cure a want of jurisdiction. *See* 28 U.S.C. § 1631. Fourstar alleges one claim that might arguably be based on a new constitutional rule. *See* 28 U.S.C. § 2255(h)(2). But his case had nothing to do with a definition of "crime of violence" (or, for that matter, "controlled substance offense"), *see* 18 U.S.C. § 2241(a); Presentence Report ¶¶ 19–36, so the rule of *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015), could not apply. (Any such claim would also be barred by *United States v. Blackstone*, 903 F.3d 1020, 1028–29 (9th Cir. 2018).) Fourstar does not suggest he has newly discovered evidence of his innocence. *See* 28 U.S.C. § 2255(h)(1). Because there is no reason to suppose Fourstar might meet either of the two criteria of 28 U.S.C. § 2255(h), transfer is not in the interest of justice.

These claims are dismissed for lack of jurisdiction.

### III. Rule 60(b) and Collateral Challenge to State Conviction

Fourstar claims the Court did not adequately address his original § 2255 motion in 2005 because counsel refused to assist him in challenging the validity of a prior state sex offense conviction. *See* Mot. § 2255 at 6–7 ¶ D(3) (hereafter, "Claim A").

Fourstar litigated his § 2255 motion pro se and was not constitutionally entitled to be represented by counsel. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *see also Martinez v. Ryan*, 566 U.S. 1, 9 (2012). Federal Rule of Civil Procedure 60(b) provides no support for relief, because Fourstar's self-representation was not a defect in the integrity of the first § 2255 proceeding. *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). The Court is not aware of other authority that could lead to reopening Fourstar's first or second § 2255 motions.

In addition, federal sentencing hearings are concerned with the existence of prior state convictions, not with their validity. Had counsel attempted to challenge the validity of the state conviction, he could not have prevailed. *See Custis v. United States*, 511 U.S. 485, 490–93, 497 (1994).

This claim is denied.

### IV. Claim Regarding Previous Revocations

Fourstar claims his supervised release was revoked on previous occasions "unreasonably and without counsel." Mot. § 2255 at 4 ¶ B(2); *see also* Fourstar

4

Aff. at 10 ¶ 2 (in part) (hereafter, "Claim B").

Fourstar's supervised release has been revoked three times, first on June 1, 2017, again on October 25, 2017, and again on October 17, 2018. *See* Minutes (Docs. 205, 232, 259). The most recent revocation, on October 17, 2018, is addressed in Part I, above. The first two revocations, however, can be addressed under 28 U.S.C. § 2255.

Contrary to his allegation, Fourstar was represented by counsel in those proceedings. *See* Orders (Docs. 200, 230). To the extent he means instead that counsel did not do what he asked, his claim is governed by *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984). He must allege facts sufficient to support an inference both that counsel's performance was unreasonable and that Fourstar suffered prejudice as a result.

Fourstar contends that counsel should have argued the Court did not have jurisdiction to impose or to revoke terms of supervised release. *See* 18 U.S.C. § 3583(a), (e)(3), (h). A term of supervised release is not limited by the statutory maximum term of imprisonment. *See, e.g., United States v. Huerta-Pimental*, 445 F.3d 1220, 1222–24 (9th Cir. 2006); *United States v. Work*, 409 F.3d 484, 489–90 (1st Cir. 2005). At any rate, the statutory maximum sentence for Fourstar's conviction is "any term of years or life." 18 U.S.C. § 2241(a) (1998). Nothing counsel could have done or said would have affected the Court's statutory

authority to impose or to revoke a term of supervised release. Neither prong of the *Strickland* test is met.

This claim is denied.

## V. Premature Claim

Finally, Fourstar contends that he will prevail in a pending appeal in the Ninth Circuit concerning good-conduct credit he forfeited in disciplinary proceedings when he was incarcerated in California. *See Fourstar v. Copenhaver*, No. 16-16290 (9th Cir. opening brief filed Sept. 7, 2018). He asserts that it will be appropriate to reopen his sentencing hearing of February 27, 2003, to give him the benefit of any restored time credits. *See* Mot. § 2255 at 4 ¶ A(2); Fourstar Aff. at 10 ¶ 1.

Whatever the merits of this claim, it is premature. "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998). If and when Fourstar receives a decision in his favor, he may bring the issue to the Court's attention. At present, the claim is dismissed.

## VI. Certificate of Appealability

A certificate of appealability, *see* 28 U.S.C. § 2253(c)(1)(B), is denied. The procedural law governing all of Fourstar's claims is well-settled.

Only two claims, labeled A and B, are adjudicated on the merits. As to

6

Claim A, the fact that Fourstar litigated his first § 2255 motion pro se is not a basis to reopen the proceeding, especially for the purpose of presenting a frivolous collateral challenge to the validity of a state conviction that earned Fourstar three criminal history points under the Sentencing Guidelines. Claim B, which alleges that the Court could not impose or revoke a term of supervised release, is equally frivolous.

Fourstar's other claims are dismissed because the Court lacks jurisdiction or simply does not consider § 2255 motions when direct review is available.

There is no reason to encourage further proceedings. A certificate of appealability is not warranted. *See Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Accordingly, IT IS HEREBY ORDERED:

1. Fourstar's claim that proceedings on his original motion under 28 U.S.C. § 2255 should be reopened because he was not represented by counsel (Claim A) is DENIED.

2. Fourstar's claim that the Court could not impose or revoke a term of supervised release (Claim B) is DENIED for lack of merit.

3. All other claims are DISMISSED.

4. A certificate of appealability is DENIED. The clerk shall immediately process the appeal if Fourstar files a notice of appeal .

5. The clerk shall ensure that all pending motions in this case and in CV 18-129-GF-DLC are terminated and shall close the civil file by entering judgment in favor of the United States and against Fourstar on Claims A and B and a judgment of dismissal on all other claims.

DATED this 22nd day of October, 2018.

*Dana L. Christensen*
Dana L. Christensen, Chief Judge
United States District Court