FILED

AUG 20 2019

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>VICTOR CHARLES FOURSTAR,<br><br>Defendant. | CR 02–52–GF–DLC<br><br>ORDER |

Before the Court are Defendant Victor Charles Fourstar's pro se motions for recusal and suppression of evidence. (Doc. 300.) The Court denies the motions. The standard for recusal is not met, and suppression is not available.

Fourstar moves the undersigned to recuse himself from this case, as well as United States Magistrate Judge John T. Johnston, on the grounds of the appearance of bias. A judge must recuse due to "personal bias or prejudice concerning a party," 28 U.S.C. § 455(b)(1), when "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned," *Herrington v. Cty. of Sonoma*, 834 F.2d 1488, 1502 (9th Cir. 1987) (quoting *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983)).

This is Fourstar's third motion to recuse the undersigned. (*See* Docs. 181 & 257.) Similar motions have been made with regard to other judges in the district,

-1-

particularly in advance of revocation hearings. (*See* Docs. 181, 188, 257, 266.) The Court nonetheless reviews the adequacy of the present motion without regard to its prior decisions.

Here, Fourstar argues that recusal is necessary because: (1) the Court relied on a statute not cited by Fourstar in its most recent denial of a recusal motion; and (2) the undersigned did not personally sign Fourstar's latest arrest warrant, which was signed on the undersigned's behalf by the Honorable Donald W. Molloy, Senior District Judge for the District of Montana. Neither is grounds for recusal. The Court is responsible for compliance with law not cited by pro se litigants; indeed, such responsibility protects the legal rights of litigants proceeding without the assistance of counsel. And the review of Fourstar's arrest warrant by a neutral, detached magistrate—in this instance, Judge Molloy—satisfies his constitutional rights and does not present a valid basis for recusal. In short, Fourstar relies on nothing more than the Court's performance of its judicial duties, which is an inadequate basis for recusal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

Fourstar also moves for suppression of evidence "supporting his failing to register as a sex offender" and of two pending Fort Peck Tribal Court warrants. (Doc. 300 at 4.) The exclusionary rule does not apply in revocation proceedings

-2-

such as that pending before the Court, and Fourstar accordingly cannot be entitled to suppression.

IT IS ORDERED that the motions for recusal and suppression (Doc. 300) are DENIED.

DATED this 20th day of August, 2019.

Dana L. Christensen, Chief Judge
United States District Court