IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>VICTOR CHARLES FOURSTAR,<br><br>Defendant. | CR 02–52–GF–DLC<br><br>ORDER |

Before the Court are Defendant Victor Charles Fourstar's pro se motion for recusal. (Doc. 349.) The Court denies the motion. The standard for recusal is not met, and suppression is not available.

Fourstar asks the undersigned to recuse himself from this case "in light of the appearance of bias in the quid pro quo contracts, compacts, and agreements . . . at bar in these instant proceedings." (Doc. 349.) A judge must recuse due to "personal bias or prejudice concerning a party," 28 U.S.C. § 455(b)(1), when "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned," *Herrington v. Cty. of Sonoma*, 834 F.2d 1488, 1502 (9th Cir. 1987) (quoting *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983)).

-1-

This is Fourstar's fourth motion to recuse the undersigned. (*See* Docs. 181, 257, 303.) Similar motions have been made with regard to other judges in the district, particularly in advance of revocation hearings. (*See* Docs. 181, 188, 257, 266.) As it has done with previous motions, the Court independently evaluates the merits of Fourstar's present motion.

Fourstar believes that recusal is necessary because of the existence of certain federal programs that interface with state, local, and tribal policing efforts. He expressly names "Weed & Seed, C.O.P.S., Tribal-State-County-Federal Cross Deputization Agreements." The undersigned plays no role in any such agreements or programs, and therefore they can create neither bias nor its appearance. Recusal is not warranted.

Accordingly, IT IS ORDERED that the motion for recusal (Doc. 349) is DENIED.

DATED this 16th day of July, 2020.

_____
Dana L. Christensen, District Judge
United States District Court