IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>VICTOR FOURSTAR, JR.,<br><br>Defendant. | CR 02–52–GF–DLC<br><br><br><br>ORDER |

On November 19, 2020, the Court received from Defendant Fourstar, acting *pro se*, a document titled "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 1636." The statutory section does not exist, but Fourstar's intent is clear. On December 1, 2020, after counsel had been appointed to represent him, *see* Order (Doc. 384), the Court received another pro se submission from Fourstar.

As Fourstar filed his habeas petition before counsel was appointed, the Court will briefly address it.

In this revocation proceeding, Fourstar cannot address the validity of his conviction or sentence in a Montana state court in 1992 or any revocation of conditional release following it. These challenges cannot be brought in this federal criminal case. *See, e.g.*, *Custis v. United States*, 511 U.S. 485, 497 (1994). Fourstar also cannot address the validity of his conviction or sentence in this Court

1

in 2003 or any of the five revocation proceedings already concluded in this case. These challenges must be brought by motion under 28 U.S.C. § 2255. As Fourstar has already learned from his previous filings, his ability to raise certain challenges may depend on whether the Ninth Circuit Court of Appeals grants him leave to file a second or successive § 2255 motion. This Court lacks jurisdiction to entertain claims aimed at a judgment Fourstar has already challenged under § 2255. *See Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam); 28 U.S.C. §§ 2244(b)(3), 2255(h).

This Court also lacks jurisdiction to reconsider or alter the revocation judgment of July 21, 2020, as that judgment is currently under review on appeal. *See* Judgment on Revocation (Doc. 356); Notice of Appeal (Doc. 359); *United States v. Najjor*, 255 F.3d 979, 983 (9th Cir. 2001). Contrary to Fourstar's statement, *see* Pet. (Doc. 381) at 3–4, he has been represented by counsel throughout that appeal, *see* Orders (Docs. 368, 380). Even if he had not, that fact would have no bearing on the sixth revocation proceeding now underway. And Fourstar may not proceed with a motion under 28 U.S.C. § 2255 as to the fifth revocation judgment until his direct appeal is concluded, *see United States v. Deeb*, 944 F.2d 545, 548 (9th Cir. 1991), including any petition he may file for a writ of *certiorari* from the United States Supreme Court, *see Feldman v. Henman*, 815 F.2d 1318, 1320–21 (9th Cir. 1987).

Excluding all these matters for lack of jurisdiction leaves only the allegations of the sixth petition to revoke supervised release (Doc. 376). Fourstar may address those allegations and, if relevant, the conditions of his confinement, as his attorney sees fit. The Court will not consider *pro se* submissions while Fourstar is represented by counsel. *See, e.g.*, *United States v. Halbert*, 640 F.2d 1000, 1009 (9th Cir. 1981).

Accordingly, IT IS ORDERED:

1. Fourstar's *pro se* petition for writ of habeas corpus (Doc. 381) is DISMISSED for lack of jurisdiction.

2. Fourstar's *pro se* motion to dismiss (Doc. 385) is STRICKEN and will not be considered as Fourstar is represented by counsel.

DATED this 7th day of December, 2020.

_____
Dana L. Christensen, District Judge
United States District Court