IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 02-52-GF-DLC |
| Plaintiff, | |
| vs. | ORDER |
| VICTOR FOURSTAR, JR., | |
| Defendant. | |

On June 12, 2021, Defendant Fourstar filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). His projected discharge date is October 29, 2021. On July 26, 2021, pursuant to Standing Order BMM-13, the Court stayed proceedings on the motion. *See* Order (Doc. 429). On July 28, 2021, counsel was appointed to represent Fourstar. See Order (Doc. 431). She has filed a brief (Doc. 432) and supplemental information (Doc. 437). Fourstar has moved for appointment of new counsel or leave to proceed *pro se* (Doc. 436). And counsel has moved to withdraw and filed a notice withdrawing the supplemental information (Doc. 438).

1

## **Request for Alternate Counsel**

The Court will deny Fourstar's request for new counsel but will consider his submissions in addition to those of counsel.  Counsel's motion to withdraw will be granted.

## **Jurisdiction**

Fourstar's appeal of the revocation judgment of December 10, 2020, is pending before the Ninth Circuit Court of Appeals.  *See United States v. Fourstar*, No. 20-30267 (9th Cir. filed Dec. 18, 2020).  Generally, filing a notice of appeal divests the district court of jurisdiction over "those aspects of the case involved in the appeal."  *United States v. Najjor*, 255 F.3d 979, 983 (9th Cir. 2001) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)).  But dismissing motions under 18 U.S.C. § 3582(c)(1)(A) on this basis would effectively compel genuinely ill prisoners, or others whose circumstances are truly extraordinary and compelling as well as urgent, to choose between appeal and release from prison.  That is neither wise nor necessary.  The Court will proceed under Federal Rule of Criminal Procedure 37(a).

## **Law Governing Motions for Compassionate Release**

After considering the sentencing factors in 18 U.S.C. § 3553(a), the Court may reduce a sentence if "extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A)(i).  The statute provides that any sentence

reduction must be consistent with the "applicable" policy statement in the Sentencing Guidelines. *See* 28 U.S.C. § 994(a)(2)(C), (t); U.S.S.G. § 1B1.13(3) (Nov. 1, 2018). But the guideline has not been revised since Congress amended § 3582(c)(1) to allow defendants, not just the Director of the Bureau of Prisons, to move for sentence reductions. The Ninth Circuit now holds that U.S.S.G. § 1B1.13 applies only to motions for release filed by the Director. *See, e.g.*, *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam).

Pertinent factors under § 3553(a) include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care. *See* 18 U.S.C. § 3553(a)(1), (2). The Court may also consider the advisory guideline range and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants and provide restitution to victims. *See id*. § 3553(a)(4), (6)–(7).

### Merits of the Motion

Fourstar is currently serving a 12-month sentence following revocation of his supervised release for the sixth time. Because he is unable to comply with conditions of supervised release, no further term has been imposed. *See* Judgment

on Revocation (Doc. 394) at 1–2; *see also* Judgments on Revocation (Docs. 207, 234, 260, 305, 356).

Fourstar's hepatitis A and C require monitoring, but there is no indication that adequate management is not available to him or that his conditions are life-threatening or debilitating.  *See, e.g.*, Medical Record (Doc. 423-2) at 1–5.  (The record does not indicate he has diabetes.  *See id*. at 1–2 (listing hypoglycemia as "resolved").)  Neither his medical conditions nor the ongoing COVID-19 pandemic justify his early release from prison.  The allegations in Fourstar's *pro se* submissions, *see* Mot. (Doc. 420) at 1–6; Supp. (Doc. 421) at 1–8; Fourstar Aff. (Doc. 420-2) at 1–4; Mot. for Alternate Counsel (Doc. 436) at 1–2; Fourstar Aff. (Doc. 436-1) at 1–2; Exhs. (Doc. 436-2) at 1–2, require no discussion.  They do not support reducing his sentence to time served.

Counsel's supplemental information (Doc. 437) concerns Fourstar's mother, Judy Red Boy, who is seriously ill and will require assistance when she is discharged from the hospital.  Ms. Red Boy has stood by her son throughout the multiple revocation proceedings in this Court.  Her illness is a compelling circumstance.  Given Fourstar's dissatisfaction with counsel and her notice withdrawing the information, it is not clear whether the Court should consider it.

But, regardless, Fourstar's conduct has left the Court with no viable alternative to imprisonment.  Reducing his prison term would denigrate the

seriousness of his repeated violations of the conditions of his supervised release. Because he is unable to engage himself in meaningful treatment for his alcohol abuse, he also poses a danger to the community.  He must serve the remaining prison sentence.  *See* 18 U.S.C. § 3553(a)(1)–(3).

Accordingly, IT IS ORDERED:

1.  Pursuant to 18 U.S.C. § 3582(c)(1)(A) and Fed. R. Crim. P. 37(a)(2), Fourstar's motions for compassionate release (Doc. 420) and for alternate counsel (Doc. 436) are DENIED.

2.  Counsel's motion to withdraw (Doc. 438) is GRANTED.

DATED this 20th day of September, 2021.

Dana L. Christensen, District Judge
United States District Court