IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 02-52-GF-DLC |
| Plaintiff/Respondent, | |
| vs. | ORDER |
| VICTOR FOURSTAR, JR., | |
| Defendant/Movant. | |

On July 7, 2021, Defendant/Movant Fourstar moved to vacate, set aside, or correct a revocation sentence imposed on July 21, 2020. *See* Mot. § 2255 (Doc. 424) ("Motion A") at 2 ¶ 1; Fifth Revocation Judgment (Doc. 356); *see also* 28 U.S.C. § 2255. On July 12, 2021, he moved to vacate, set aside, or correct a subsequent revocation sentence under § 2255. *See* Mot. § 2255 (Doc. 427) ("Motion B") at 4 ¶ 5(A); Sixth Revocation Judgment (Doc. 394).

When Fourstar filed these motions, he was serving a twelve-month prison sentence imposed on December 10, 2020, following the sixth revocation of his

1

supervised release. The sixth judgment imposed no term of supervised release following the prison term. Fourstar completed the prison term and was released from all federal custody on October 29, 2021. *See* Notice (Doc. 451) at 1–2.

Fourstar's § 2255 motions are controlled by *Burton v. Stewart*, 549 U.S. 147 (2009) (per curiam), and *Spencer v. Kemna*, 523 U.S. 1 (1999).

Fourstar asserts the attorneys appointed to represent him in revocation proceedings were ineffective in various ways. *See* Motion A at 4 ¶ 5(A); Motion B at 5. As he has been released with no further conditions of supervision, his revocations are no longer causing him an actual injury redressable by a decision that his supervised release was not fairly revoked. The matters for which he seeks redress, such as the requirement that he register as a sex offender, *see* Motion A at 6 ¶ 6; Motion B at 7 ¶ 6, no longer take the form of conditions of supervision. *Compare, e.g.*, Fifth Revocation Judgment (Doc. 356) at 3 ¶ 6 *with* Sixth Revocation Judgment (Doc. 394) at 2. Construed as challenges to either revocation judgment, Fourstar's claims no longer present a case or controversy as required by the Constitution. They are moot. *See* U.S. Const. Art. III, § 2; *Spencer*, 523 U.S. at 7.

Of course, Fourstar is required to register as a sex offender, because he was convicted of aggravated sexual abuse. *See, e.g.*, Judgment (Doc. 110); 34 U.S.C. §§ 20911 *et seq.* To the extent he challenges the validity of the judgment of

2

conviction, he is reminded that this Court lacks jurisdiction to consider unauthorized successive motions under § 2255. *See Burton*, 549 U.S. at 149; 28 U.S.C. § 2255(h); Order (Doc. 131); 9th Cir. Order Denying Certificate of Appealability (Doc. 136); *see also, e.g.*, Orders (Docs. 140, 145, 264). To the extent Fourstar challenges the validity of a 1992 State conviction, this Court lacks jurisdiction under the plain language of 28 U.S.C. § 2255(a) and cannot convert his motions to habeas petitions under 28 U.S.C. § 2254. *See* Order (Doc. 8) at 6; Order Denying Certificate of Appealability (Doc. 12), *Fourstar v. State of Montana*, No. CV 21-26-GF-SPW (D. Mont. filed Mar. 8, 2021).

The law governing Fourstar's motions is well-established. There is no reason to encourage further proceedings. A certificate of appealability is not warranted. *See* 28 U.S.C. § 2253(c)(2); *Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Accordingly, IT IS ORDERED:

1. Fourstar's motions to vacate, set aside, or correct the fifth and sixth judgments on revocation of his supervised release (Docs. 424, 427) are DISMISSED as moot.

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Fourstar files Notices of Appeal.

3. The Clerk of Court shall ensure that all pending motions in this case and

in CV 21-81-GF-DLC and CV 21-83-GF-DLC are terminated and shall close the civil files by entering judgments of dismissal.

DATED this 3rd day of November, 2021.

_____
Dana L. Christensen, District Judge
United States District Court